United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40537
_____

H.E. STEVENSON; ET AL,

Plaintiffs,

H.E. STEVENSON, DIANA STEVENSON, AND SHARON HARPER,

Plaintiffs - Appellants,

v.

E.I. DUPONT DE NEMOURS AND COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(01-CV-24)
_____

Before SMITH, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

This is a trespass case, which now makes its second appearance before this court. In the original appeal of this case, we affirmed a jury finding of liability but reversed and remanded to allow the plaintiffs to present additional evidence of damages at a new trial. Shortly before the second trial, however, the district court entered judgment in favor of the

_____

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

1

defendant. The court concluded that two of the original jury questions established that the plaintiffs suffered no damages. Because the district court's actions violated the mandate rule, we reverse.

H.E. Stevenson, Dianna Stevenson, and Sharon Harper sued DuPont for negligence, nuisance, and trespass based on DuPont's emission of heavy metal particulates from its plant in Victoria, Texas. The plaintiffs alleged that these particulates damaged their properties, which are located near the plant. The case went to trial in the Southern District of Texas; the jury found in favor of DuPont on the plaintiffs' negligence and nuisance claims but found that DuPont had trespassed on the plaintiffs' land.

Four verdict-form questions——6, 8, 11(a), and 12(a)——are crucial here. Question 6 laid the groundwork for possible mental anguish damages. It read, "Do you find from a preponderance of the evidence that the trespass, if any, committed by DuPont against the property of the Stevensons was willful and that the trespass caused actual damages to the Stevenson's [sic] Property?" Question 8 was the same, with Harper's name substituted for the Stevensons'. The jury answered both "no." Later questions, however, contained different queries related to damages for permanent trespass injury. Question 11(a) asked, "What is the difference in the market value of the property owned by H.E. Stevenson and Dianna Stevenson immediately before and

2

immediately after the damage you have found was proximately caused by DuPont's operation of the Victoria Plant?"  The jury provided the amount of $168,000 as the answer to this question. Question 12 asked the same question with regard to Harper's property, to which the jury answered with the amount of $96,000. The district court entered judgment in those amounts.

DuPont appealed.  On appeal, a panel of this court determined that airborne particulates' entry onto the plaintiffs' land could be a trespass and that the plaintiffs had produced sufficient evidence of that entry.  *Stevenson v. E.I. DuPont De Nemours & Co. ("Stevenson I")*, 327 F.3d 400, 408 (5th Cir. 2003). The court concluded, however, that the jury could not have awarded damages for permanent injury to land——"the difference in the market value of the land immediately before and immediately after the trespass"——because "[n]o evidence was presented to show the value of the land before the trespass began."  *Id*. at 409. The court remanded the case for a new trial on damages.  *Id*. at 410.

Following remand, the parties conducted additional discovery about damages.  DuPont then filed *Daubert*[1] motions that sought to exclude the plaintiffs' expert witnesses.  The district court denied all of these motions.

The day after denying the *Daubert* motions, the district

_____

[1]*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

court conducted a pretrial conference to hear limine motions.  In the middle of hearing these motions, the district court stated, "You know this is just so crazy. . . .  I just don't know why we're here.  I'm sorry.  You know what I'm thinking about doing? Let me go off the record."  The district court recessed and then returned to enter judgment in DuPont's favor.  The district court provided the following reasons for its actions: "I'm going to just give judgment in favor of DuPont based on the jury answers to Questions 6 and 8, which said no damages as a result of the trespass."  The judgment, too, indicates that it is based on "the jury findings in Questions No. 6 and 8 of the Verdict Form from the original trial."  The Stevensons and Harper appealed.

In this appeal, the Stevensons and Harper argue that the district court violated the mandate rule by entering judgment on the original jury findings instead of holding a new trial on damages. "Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004).  Based on this rule, "a lower court on remand 'must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court.'" *Id.* (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002)).  The mandate rule

4

is subject to three exceptions: "(1) The evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice." *Matthews*, 312 F.3d at 657. We review whether the district court departed from the mandate de novo. *See United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004).

The district court violated the mandate rule. We determined in the original appeal that the appropriate measure of damages was the difference in the value of the land before and after the trespass, and we remanded the case for trial on that amount. *Stevenson I*, 327 F.3d at 409. On remand, however, the district court decided that the amount of damages was controlled by the jury's answer to the question asking whether the trespass was willful and caused actual damages. In reaching this conclusion, the district court did not follow this court's mandate.

Nevertheless, DuPont argues that the district court's actions were proper.[2] Its principal argument is that the mandate, with its remand of this case for trial, did not prevent the district court from granting summary judgment based on the plaintiffs' failure to provide adequate expert evidence of the properties' value before the trespass. DuPont argues that this

---

[2]DuPont does not defend the entry of judgment based on the original jury findings.

is exactly what the district court did.

The record does not support DuPont's characterization of the ruling as a sua sponte summary judgment based on defects in expert testimony. While there were some discussions about expert testimony during the pretrial conference in which the district court entered judgment, the court did not enter judgment immediately after those discussions. In fact, just before the court's ruling, the parties and the judge addressed how long the parties could question witnesses about DuPont's plant operations. Moreover, only one day earlier, the district court had denied DuPont's *Daubert* motions to exclude the testimony of the plaintiffs' expert. Finally, the district court's statement of reasons for the judgment does not refer to experts; it relies solely on the jury answers from the trial.[3] In this circumstance, we decline to transform the district court's entry of judgment on the original jury findings into a sua sponte entry of summary judgment on the basis of expert testimony.[4]

---

[3]DuPont analogizes this situation to that in *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1351 (5th Cir. 1983). In *Brumley Estate*, we affirmed a partial summary judgment even though the district court had provided no reason for its ruling. *Id*. at 1362. *Brumley Estate* is distinguishable; there the relevant facts were undisputed and the appellants "concede[d] the reason for the district court's ruling." *Id*. at 1359. That is not the case here.

[4]We also note that although a district court may grant summary judgment sua sponte, when it does so, the court must "provide adequate notice and an opportunity to respond akin to that required by [FED. R. CIV. P.] 56(c)." *Mannesman Demag Corp.*

In the alternative, DuPont argues that this case presents the kind of "exceptional circumstances" that would permit deviation from the mandate rule. Although it claims that exceptional circumstances exist, DuPont does not argue that this case falls within any of the three recognized exceptions to the mandate rule. In other words, it does not argue that the evidence was substantially different at the second trial, that there has been a change in controlling authority, or that the earlier decision was incorrect and would result in a manifest injustice. Instead, DuPont relies on the same failure of proof arguments that it raises for its summary judgment argument. This possible failure of proof does not justify creating a new exception to the mandate rule.

For these reasons, we reverse the judgment of the district court and remand this case for trial on damages.

REVERSED AND REMANDED.

---

*v. M/V Concert Express*, 225 F.3d 587, 595 (5th Cir. 2000).